**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARMELITA UNDERWOOD,**

        **Plaintiff,**

**-vs-**                                                                                   **Case No.  6:12-cv-1128-Orl-18DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for Supplemental Security Income payments. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **AFFIRMED.**

## Procedural History

Plaintiff filed an application for Supplemental Security Income on December 30, 2008, alleging an onset date of January 1, 1971 (R. 129-36). Her application was denied initially and on reconsideration (R. 77-79, 85-86), and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 87-89; 34-67). On September 24, 2010, the ALJ issued a decision denying Plaintiff's application (R. 20-29). The Appeals Council denied Plaintiff's Request for Review (R. 1-6), making the ALJ's decision the final decision of the Commissioner. This action followed, and the matter is now ripe for review under section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3).

## Nature of Claimed Disability

Plaintiff was forty-five years old at the time of the ALJ's decision (R. 129), with a graduate equivalent degree (GED) (R. 158), and past work experience as a hostess/cashier/stocker (R. 154).

The medical evidence relating to the pertinent time period is scant, but is set forth in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Medical Expert, written forms and reports completed by Plaintiff and others, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had medically determinable impairments of anxiety, depression, and a back disorder, but found Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities and, therefore, her impairments were non-severe (R. 25-28). As such, the ALJ determined that Plaintiff was not disabled (R. 28-29).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the

reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff "does not dispute the lack of any physical limitations found by the ALJ" (Doc. 14, fn. 3), but challenges the findings with respect to her mental limitations. Specifically, Plaintiff contends that 1) the ALJ failed to properly weigh the medical evidence, and 2) failed to properly evaluate her credibility. Upon review, the Court finds no error.

### The five step evaluation sequence

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ determined at Step 2 that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities and was thus not disabled. At all relevant times, therefore, Plaintiff had the burden of proof of her disability.

**The Step 2 finding**

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[1] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a

---

[1] Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b).

minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986). To satisfy the requirements of step two of the sequential evaluation process, however, the claimant's impairment(s) also must be severe for at least twelve consecutive months. *See* 20 C.F.R. §§ 416.905(a), 416.909, 416.920(a)(4)(ii); *Barnhart v. Walton*, 535 U.S. 212, 217 (2002).

As Plaintiff notes, when evaluating a mental impairment at step two, the Commissioner is required to apply the "special technique" described in 20 C.F.R. § 416.920a. This technique requires the adjudicator to determine first whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 416.920a(b)(1). If the claimant is found to have such an impairment, the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," 20 C.F.R. § 416.920a(b)(2), which specifies four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and no episodes of decompensation are found, then the adjudicator "generally" will conclude that the claimant's mental impairment is not "severe." 20 C.F.R. § 416.920a(d)(1). If the mental impairment(s) are found to be severe, then they will be considered at the remaining steps in the disability process.

In this case, the ALJ reviewed the records and considered the testimony of a Medical Expert in finding Plaintiff's mental limitations to be non-severe. In so doing, the ALJ gave "little weight" to the opinions of Plaintiff's psychiatrist, finding the opinions to be "unsupported by and inconsistent

with the medical record as a whole." (R. 27).  He also rejected the opinions from the non-examining State agency review psychologists on the same basis. *Id*. Instead, the ALJ stated that he relied upon the testimony from the Medical Expert, psychiatrist Dr. Larry Benovitz, noting:

> Dr. Larry Benovitz an impartial medical expert, had an opportunity to review the medical evidence of record in the instant matter. In his testimony before the undersigned, Dr. Benovitz stated that based upon his examination of the claimant's medical records, the claimant's mental impairments led to no restrictions in her ability to engage in activities of daily living. Furthermore, Dr. Benovitz related that the claimant's medical records did not indicate any restrictions in the claimant's social functioning and in her ability to maintain concentration, persistence, or pace. Dr. Benovitz also stated that there was no evidence that indicated that the claimant had experienced any episodes of decompensation. Based on his review of the records, Dr. Benovitz concluded that there was simply no documentation of any of the types of restrictions which would indicate that the claimant endured any "severe" mental impairment. In fact, Dr. Benovitz testified that the claimant's medical records indicate that the claimant was "stable" as it related to her alleged mental impairments. As such, because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation which have been of extended duration in the fourth area, they are nonsevere (20 CFR 4l6.920a(d)(l)).
>
> With regard to the claimant's allegation that she also endured problems with understanding and memory, Dr. Benovitz testified that there was nothing in the claimant's medical records that indicated the claimant had any limitations in her ability to remember locations and work-like procedures. Per his review of the records, Dr. Benovitz also determined that there was no indication that the claimant could not understand or remember detailed instructions or very short and simple instructions. According to Dr. Benovitz there was simply no evidence that the claimant had any difficulties with her ability to understand and remember whatsoever. Overall, Dr. Benovitz opined that based upon his review of the claimant's medical records, the claimant did not have a severe (mental) medically determinable impairment as they were under "excellent control". Dr. Benovitz's testimony is given considerable weight as it was consistent with the medical records and the undersigned finds that the claimant's mental impairments are "not severe".
>
> The totality of the medical records before the undersigned fully supports Dr. Benovitz's testimony. As Dr. Benovitz related during his testimony, the objective medical evidence in the claimant's medical reports are inconsistent with a finding of severity. On December 3, 2008, the claimant was described as being "stable" overall. (Exhibit llF, Page 7). The same "stable" condition is also noted on March 25, 2009 and on February 10, 2010 the claimant was reported as "doing well". (Exhibit 11F, Pages 6 and 3). In fact, as recently as June 2, 2010, the claimant's condition still remained "stable" according to her psychiatric treatment notes. (Exhibit 12F, Page 3). These objective medical findings contradict the claimant's assertions of severity.

(R. 26-27).

Plaintiff contests this finding, asserting that 1) a description of "stable" or "doing well" at some visits with her doctor does not mean that she had no symptoms or limitations; 2) the opinion from the non-examining physician, Dr. Benovitz, standing alone is insufficient to override the opinions from every other medical source in the record, and 3) the opinions of the treating psychiatrist should have been given controlling (or, at least, great) weight. The Court treats each objection, in turn.

As pointed out by the ALJ, the treating records not only contain numerous references to Plaintiff being "stable" or "doing well," but also fail to contain any mention of significant symptoms or limitations during the applicable time period. As noted by the ALJ, in a December 3, 2008 visit, Plaintiff's doctor noted that Plaintiff was taking her medications as prescribed, with no side effects, and "overall is stable." (R. 304). Plaintiff's mental status exam showed she was well groomed, had good eye contact, had a euthymic mood, her affect was full and stable, she had no suicidal or homicidal ideation, she showed no psychosis, and she had fair insight and judgment (R. 304). On her next visit in March 2009, Plaintiff was "taking her medications as prescribed, and overall, is stable," although she was "mildly depressed" over the illness of her dog (R. 303). Return visit on June 4, 2009 noted "some increase in stress because her dog died of cancer," and mental status exam showed an anxious mood, but Plaintiff presented with a congruent and *stable* affect, no suicidal or homicidal ideation, no psychosis, and fair insight and judgment (R. 360). September 23, 2009 treatment notes show that she was "stable on her medication" (R. 359), and mental status exam showed: "Patient is groomed. Good eye contact. Mood appeared euthymic to anxious. Affect congruent and stable. No suicidal or homicidal ideation. No psychosis. Insight and judgment are fair." *Id.* By February 10, 2010, Plaintiff was "doing well" with an unremarkable mental status exam (R. 358). June 2, 2010 notes indicate Plaintiff was taking her medications as prescribed and is "stable" – "doing well on her medications without side effects." (R. 366). Again, her mental status examination was unremarkable.

*Id.* Thus, the ALJ did not merely pluck the words "stable" or "doing well" out of context. The ALJ's finding that the treating records do not show significant symptomology or limitations is amply supported by substantial evidence.[2]

Plaintiff next contends that the ALJ should not have relied on Dr. Benovitz, as he did not examine Plaintiff and his opinion "standing alone is insufficient to override the opinions from every other medical source in the record, who all found Mr. Underwood has severe mental impairments." (Doc. 14 at p. 10). As Plaintiff notes, while opinions from non-examining medical sources that are not consistent with any other evidence are not entitled to weight, *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988), an ALJ may nonetheless rely on a non-examining physician when the opinion is supported by clinical findings and is consistent with other evidence, *Kemp v. Astrue*, 308 Fed. Appx. 423, 427 (11th Cir. 2009). While Plaintiff correctly notes that an ALJ errs if he relies solely on the opinion of a non-examining consultant, that is not what happened here. Rather, as is plain from the foregoing, the ALJ evaluated the medical evidence and determined that Dr. Benovitz's opinion was consistent with that evidence. *See* 20 C.F.R. § 416.927(e)(2)(I); SSR 96-6p. The Court finds no error.

Plaintiff objects to the ALJ's failure to credit the opinion of her treating psychiatrist. As noted by Plaintiff, Dr. Uy completed a Psychiatric/Psychological Impairment Questionnaire dated June 23, 2010 (R. 367-374). When asked her diagnoses of Plaintiff, Dr. Uy wrote "panic disorder with agoraphobia, dysthymic disorder, and alcohol dependence in sustained remission" (R. 367). Dr. Uy opined that Plaintiff was markedly limited in her ability to maintain attention and concentration for extended periods; her ability to perform activities within a schedule, maintain regular attendance,

---

[2]Indeed, even records well prior to the applicable application date do not support the disabling impairments alleged. Records from 2005 show her "doing fairly well" or "very well" with appropriate affect, clear thinking and intact memory (R. 314-317). Mental status exam in January 2006 showed her to be "very pleasant and cooperative and in no apparent distress. She denies suicidal or homicidal ideations or plans. Her mood is neutral. Her affect is full-range. She denies any psychotic symptoms including auditory hallucinations. She is goal directed, oriented to all spheres. Her memory is intact. Average intellectual functioning. Insight and judgment is adequate." (R. 313). Her psychiatrist continued to note that she was "doing well" throughout 2006 (R. 310-312).

and be punctual within customary tolerances; her ability to work in coordination with or proximity to others without being distracted by them; her ability to complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; her ability to respond appropriately to changes in the work setting; and, her ability to travel to unfamiliar places or use public transportation (R. 370-372). She was also moderately limited in her ability to sustain ordinary routine without supervision and her ability to set realistic goals or make plans independently (R. 370, 372). Dr. Uy opined that Plaintiff was incapable of handling even low stress work. *Id.* The ALJ noted this opinion, but gave it "little weight" as it was "unsupported by and inconsistent with the medical record as a whole." (R. 27).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan, supra; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly

conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Applied here, Plaintiff contends that it was error to not give controlling weight to Dr. Uy's opinion as it was "based on appropriate psychiatric *clinical and diagnostic evidence* of sleep disturbance, mood disturbance, recurrent panic attacks, anhedonia or pervasive loss of interests, feelings of guilt/worthlessness, difficulty thinking or concentrating, decreased energy, and persistent irrational fears" (Doc. 14 at p. 10, emphasis added, citing R. 368). The "evidence" referred to, however, is a printed form with checkmarks next to the above findings. This is not "clinical and diagnostic evidence." The clinical evidence is set forth in the treatment notes; none of which include reports of any debilitating symptomology. As for diagnostic evidence, when asked to "Identify the laboratory and diagnostic test results which demonstrate and/or which support your diagnosis," Dr. Uy fails to list anything (R. 368). While mental illness is not readily identifiable by lab tests, Dr. Uy conducted numerous mental status examinations and none of them identified any objective findings

-10-

consistent with these checkmarks.  Moreover, the treatment records *affirmatively negate* such findings, noting repeatedly that Plaintiff was stable and doing well.  Good cause exists to discredit a physician's testimony when it is contrary to or unsupported by the evidence of record, or it is inconsistent with the physician's own medical records. *Phillips*, 357 F.3d at 1240–41.  As Dr. Uy's opinion is not well supported and is contradicted by substantial evidence of her own treatment records, it was not error to discount it.[3]

**Credibility**

Plaintiff's last objection goes to the ALJ's evaluation of Plaintiff's allegations regarding her limitations. When a claimant attempts to establish disability through  subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); *Mack v. Commissioner of Social Security,* 420 Fed.Appx. 881, 883 (11th Cir. 2011).   After considering a claimant's subjective complaints, the ALJ may reject them as not credible.  Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Jones v. Department of*

---

[3] To the extent Dr. Uy opined that Plaintiff cannot work, an opinion on this issue is not a medical opinion, but is reserved for the Commissioner.  *Hutchinson v. Astrue*, 408 Fed. Appx.  324, 327 (11th Cir. 2011); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986).

*Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms" but found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were "not credible to the extent they are inconsistent with finding that the claimant has no severe impairment or combination of impairments for the reasons explained below" (R. 26). Plaintiff asserts that the ALJ "provided no explanation for his negative credibility finding" and further erred by evaluating the consistency of Plaintiff's statements against his own determination as to the severity of her condition, and not against the evidence of record, as required. Neither contention is accurate.

In his decision, the ALJ cited the conclusion of Dr. Benovitz that, despite the allegations, there was nothing in the record to support such limitations (R. 26-28). The ALJ also compared the allegations with the medical evidence, concluding that "objective medical findings contradict the claimant's assertions of severity." (R. 27-28). The ALJ noted another inconsistency in that "the claimant's allegations of severe physical impairment are also without the necessary documentation and support" (R. 28). Finding "little evidence of any physical difficulties" the ALJ noted and gave considerable weight to the consultative examiner's findings, which showed no restrictions (R. 28, 349-353).[4] The ALJ concluded that:

> Overall, the totality of the evidence . . . supports a finding that the claimant does not suffer from any severe impairments. There is quite simply a lack of medical records which would support a finding of severity with regard to the alleged mental and physical impairments. The objective medical evidence regarding the claimant's impairments reveal no significant or vocationally relevant limitations. In sum, the claimant's physical and mental impairments, considered singly and in combination, do

---

[4] The examiner specifically noted that Plaintiff's "mental status exam was unremarkable." (R. 353).

-12-

> not significantly limit the claimant's ability to perform basic work activities. Thus, the
> claimant does not have a severe impairment or combination of impairments.

(R. 28).

The ALJ applied the proper standard and, as these findings are supported by the record, they should not be disturbed.

## Recommendation

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. Therefore, it is **respectfully recommended** that the administrative decision be **AFFIRMED.** If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly, terminate all pending matters, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 4, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy